UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GARCIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01292-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 18)<br><br>ORDER DIRECTING CLERK OF THE COURT TO CHANGE PLAINTIFF'S ADDRESS |

　　　　Plaintiff Jose Arteaga is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On October 7, 2024, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 18). Additionally, Plaintiff includes at the end of his motion a "notice of change of address" indicating he is currently incarcerated at C.C.I. (ECF No. 18 at 3).

　　　　As grounds for the appointment of counsel, Plaintiff states that he cannot afford to hire a lawyer, that his imprisonment will or has greatly limited his ability to litigate his case, which is likely to involve substantial investigation and relevant discovery, and that the issues in the case will likely involve conflicting testimony and investigation conducted by official private investigators, as the issues in the case are extremely complex. (*Id.* at 1). Plaintiff further states that he has never had an attorney appointed before, and that an attorney could help him properly

apply the law and prepare and present witnesses and evidence. (*Id.* at 2). Lastly, Plaintiff states he has made "repeated efforts" to obtain counsel in the past "without any response or positive affect, making it difficult for this petitioner to provide with responds, letters, to this court, and prove of the due diligent intented efford of obtaining a civil rights attorney." (*Id.*).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. Initially, Plaintiff has not presented exceptional circumstances warranting the appointment of such counsel. Plaintiff's motion states only that counsel would assist him in the case. Plaintiff indicates that this case will likely involve conflicting testimony and investigation by private investigators because the issues are extremely complex. Indeed, *all* cases that proceed to discovery likely involve conflicting testimony and investigation of claims. But Plaintiff's statement that the issues in this case are extremely complex is conclusory and, without more, is not a basis for the Court to require the appointment of counsel. *See Rand*, 113 F.3d at 1525 ("[A]ny pro se litigant certainly would be better served with the assistance of counsel. Beyond this, however, Appellant must show that *because* of the complexity of the claims he was unable to articulate his positions") (internal citations omitted) (emphasis added). Additionally, Plaintiff has the benefit of the Court's Screening Order (ECF No. 8) and Findings and Recommendations (ECF No. 14), which set forth the applicable law for Plaintiff's claims.

Lastly, Plaintiff has informed the Court that his address has changed, and that he is

currently incarcerated at C.C.I. (ECF No. 18 at 3).

    For these reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel (ECF No. 18) is DENIED without prejudice.
2. The Clerk of Court is respectfully directed to update Plaintiff's address to the new address indicated in Plaintiff's motion, and to mail a copy of this order to that same address, as follows: C.C.I., P.O. Box 1906, Tehachapi, CA 93581.

IT IS SO ORDERED.

Dated: **October 10, 2024**　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3