UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA, | Case No.  1:22-cv-01292-KES-EPG |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 14) |
| J. GARCIA, et al., | |
| Defendants. | |

Plaintiff Jose O. Arteaga is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

The assigned magistrate judge screened plaintiff's complaint and gave leave for plaintiff to either file a First Amended Complaint to cure the deficiencies identified by the court or stand on his complaint.  Doc. 8.  Among other deficiencies, the screening order noted that plaintiff's 171-page complaint improperly asserted unrelated claims in the same action.  *Id.*  Plaintiff thereafter filed a notice stating that he wished to stand on his complaint.  Doc. 11.

The magistrate judge subsequently issued findings and recommendations on October 11, 2023, recommending that plaintiff's complaint proceed on plaintiff's Eighth Amendment claims against defendants J. Garcia and Fugate for excessive force and on plaintiff's Eighth Amendment

1  claim against defendant John Doe #1 for failure to protect.  Doc. 14.  The magistrate judge

2  recommended that all other claims and defendants be dismissed; however, the findings and

3  recommendations did not review the unrelated claims that were based on events that occurred

4  after plaintiff was placed in administrative segregation.  The findings and recommendations

5  notified plaintiff that objections were due within twenty-one days.  Plaintiff has not filed

6  objections to the findings and recommendations and the time to do so has passed.

7       In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of

8  this case.  The findings and recommendations correctly noted that plaintiff adequately stated

9  cognizable claims against defendants J. Garcia and Fugate for excessive force and against

10  defendant John Doe #1 for failure to protect.  Doc. 14 at 21.

11       Plaintiff asserts many claims in his complaint, but plaintiff does not adequately allege how

12  all the allegations in the complaint are related or why they should all be maintained in the same

13  action.  The findings and recommendations declined to analyze certain claims that are based on

14  events that occurred after plaintiff was placed in administrative segregation, because the claims

15  are unrelated and cannot be brought in the same suit.  *Id.* at 21.  In considering misjoined claims,

16  district courts must conduct a prejudice analysis before dismissing the severed claims pursuant to

17  Federal Rule of Civil Procedure 21.  *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015)

18  (abuse of discretion to dismiss rather than sever claims against improperly joined parties without

19  evaluating the prejudice to plaintiff of dismissal).  The Ninth Circuit has noted that such

20  consideration should include "loss of otherwise timely claims if new suits are blocked by statutes

21  of limitations."  *Rush*, 779 F.3d at 975 (citation omitted).

22       If the unrelated, improperly joined claims are otherwise cognizable, severance of those

23  claims may be warranted if the plaintiff would be prejudiced by their dismissal due to the statute

24  of limitations.  Accordingly, the court declines at this time to dismiss plaintiff's unrelated claims

25  arising from events that occurred after his placement in administrative segregation, pending a

26  further determination as to whether they should be severed or dismissed.  This matter is referred

27  to the assigned magistrate judge for further findings and recommendations as to whether those

28  remaining allegations state cognizable claims, and, if so, whether dismissal or severance is

1   appropriate as to any such remaining claims.

2       Accordingly, the court ORDERS:

3     1.   The findings and recommendations issued October 11, 2023, are adopted in part;

4     2.   This case proceeds on plaintiff's Eighth Amendment claims against defendants J.
5         Garcia and Fugate for excessive force and on plaintiff's Eighth Amendment failure
6         to protect claim against Defendant John Doe #1;

7     3.   The following claims are dismissed for the reasons set forth in the findings and
8         recommendations:

9         a.  Plaintiff's First Amendment retaliation claims against defendants Neve, J.
10            Garcia, and Fugate are dismissed for failure to state a claim;

11         b.  To the extent plaintiff brings Section 1983 claims for conspiracy against any
12            defendant, those claims are dismissed for failure to state a claim;

13         c.  To the extent plaintiff brings a Sixth Amendment claim based on an alleged
14            coverup against any defendant, those claims are dismissed as not ripe for
15            judicial consideration, without prejudice;

16         d.  To the extent plaintiff brings Due Process claims for deliberate fabrication of
17            evidence against any defendant, those claims are dismissed for failure to state a
18            claim;

19         e.  Plaintiff's Eighth Amendment deliberate indifference claims against
20            defendants Clark and Amin are dismissed for failure to state a claim;

21         f.  Plaintiff's state law medical negligence claims against defendants Clark and
22            Amin are dismissed for failure to allege compliance with the Government
23            Claims Act and for failure to state a claim;

24         g.  To the extent plaintiff brings claims based on improper handling of plaintiff's
25            grievances against defendant E. Garcia, those claims are dismissed for failure
26            to state a claim;

27  ///

28  ///

3

4.    This case is referred to the assigned magistrate judge for further proceedings as set forth in this order.

IT IS SO ORDERED.

Dated:    December 27, 2024

_____
UNITED STATES DISTRICT JUDGE

4