UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GARCIA, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01292-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO SEVER UNRELATED CLAIMS<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jose O. Arteaga is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court will recommend that Plaintiff's unrelated claims based on events after Plaintiff's placement in administrative segregation in February 2019 (ECF No. 1 at 14–21) against John Doe Defendants be severed from this action and proceed in a new action.

**I.    BACKGROUND**

Plaintiff filed the complaint commencing this action on October 11, 2022. (ECF No. 1). The Court screened Plaintiff's complaint and issued Findings and Recommendations, recommending that the case may proceed on the following cognizable claims: 1) Eighth Amendment claims against defendants J. Garcia and A. Fugate for excessive force and 2) Eighth Amendment failure to protect claim against Defendant John Doe #1. (ECF No. 14). The magistrate judge recommended all other claims and defendants be dismissed. (*Id.* at 22).

1

The Findings and Recommendations declined to analyze certain claims that are based on events that occurred after plaintiff was placed in administrative segregation, because the claims are unrelated and cannot be brought in the same suit. (*Id.* at 21).

After reviewing Findings and Recommendations, the district judge agreed that the case should proceed on "plaintiff's Eighth Amendment claims against defendants J. Garcia and Fugate for excessive force and on plaintiff's Eighth Amendment failure to protect claim against Defendant John Doe #1." (ECF No. 21 at 3). The district judge also agreed that several other claims should be dismissed. (*Id.*) The district judge, however, declined "to dismiss plaintiff's unrelated claims arising from events that occurred after his placement in administrative segregation," and directed the magistrate judge to further consider whether such claims should be severed or dismissed from this case. (*Id.* at 2). Specifically, the district judge stated:

> In considering misjoined claims, district courts must conduct a prejudice analysis before dismissing the severed claims pursuant to Federal Rule of Civil Procedure 21. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (abuse of discretion to dismiss rather than sever claims against improperly joined parties without evaluating the prejudice to plaintiff of dismissal). The Ninth Circuit has noted that such consideration should include "loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush*, 779 F.3d at 975 (citation omitted).
>
> If the unrelated, improperly joined claims are otherwise cognizable, severance of those claims may be warranted if the plaintiff would be prejudiced by their dismissal due to the statute of limitations.

(*Id.*) The case was then referred back to the undersigned "for further proceedings" and "for further findings and recommendations as to whether those remaining allegations state cognizable claims, and, if so, whether dismissal or severance is appropriate as to any such remaining claims." (*Id.* at 2–3, 4).

Following the district judge's order, the Court issued a service order with respect to cognizable Eighth Amendment claims against J. Garcia, A. Fugate, and John Doe #1. (ECF No. 22). The Court now considers whether the remaining unrelated claims should be dismissed or severed.

## II. COMPLAINT ALLEGATIONS REGARDING UNRELATED POST-ADMINISTRATIVE-SEGREGATION CLAIMS

The claims in Plaintiff's complaint that arise from events occurring after Plaintiff's placement in administrative segregation in February 2019 are subject to dismissal or severance because they are unrelated to the claims proceeding in this case. These claims are based on the following allegations in Plaintiff's complaint, which the Court previously summarized in its Findings and Recommendations as follows:

> In another group of claims, Plaintiff alleges that he was left in administrative segregation for a period of about eight months, during which Plaintiff suffered due to constant retaliation by the officers responsible for passing out meals and the staff responsible for providing medical attention. Plaintiff alleges that he was continuously ill from the food provided by custody. Plaintiff would report this to medical staff, but they ignored any 7362 (CDCR medical form) request regarding foodborne illness. Plaintiff developed a rash all over his body and was taken to a dermatologist due to the painful rash and hair loss. Plaintiff also suffered stomach pains, headaches, and intestinal pain in the liver and kidney. Plaintiff alleges that these reactions are caused by chemical contaminants. Plaintiff alleges that medical would act as if Plaintiff was not experiencing these symptoms. Plaintiff's only effective medicine was to force himself to vomit the food. (*Id.* at 16).
>
> Plaintiff stopped consuming a lot of his provided meals and was forced to purchase food from the canteen prison store to stay alive. Plaintiff was not aware of how long he would be housed in administrative segregation. At the time, Plaintiff hoped that the money in his account would not run out. However, when Plaintiff was ordered to pay a court fee in another § 1983 civil case, he was unable to do so. Plaintiff was cautious to not run out of money while in administrative segregation. Plaintiff was not able to make the court aware of his situation for fear of continuing and worsening retaliation. Plaintiff's complaint was dismissed without prejudice due to Plaintiff's inability to pay the filing fees requested. Thus, Plaintiff was forced to wait for a better time to file the § 1983 motion. (*Id.* at 17).
>
> Due to the cruel and continuous retaliation against Plaintiff, Plaintiff was forced to file a petition for a writ of habeas corpus, (*see id.* at 49–51 (Plaintiff's Exhibit # 3)), in a desperate attempt to make them stop

the abuses, mistreatment, and tampering of Plaintiff's state meals that Plaintiff was constitutionally entitled to. But even this request for justice did not stop the mistreatment. The abuses continued without any regard to prison rules, human, suffering, or the consequences of violating prison policy. Although Plaintiff filed a CDC-602 complaint, it did not work to stop the constant retaliatory practices. (*Id.* at 20).

As support for Plaintiff's allegations of meal tampering, Plaintiff attaches the dermatology report that Plaintiff requested after Plaintiff was taken to see a dermatologist due to the rashes and bald spots caused by the reaction Plaintiff's body had to the chemicals that made Plaintiff sick while Plaintiff was in administrative segregation (*See id.* at 4–47 (Plaintiff's Exhibit #2)). Plaintiff also attaches 602 grievance form dated July 30, 2019[1] (*see id.* at 52–65 (Plaintiff's Exhibit #4)), and fifty-nine 7362 CDCR Medical Request Form copies as proof that Plaintiff was constantly requesting medical attention as required by protocol, but without any positive results (*See id.* at 69–154 (Plaintiff's Exhibit #6)). (*Id.* at 21).

(ECF No. 14 at 8–9).

### III.   ANALYSIS

The Ninth Circuit has advised district courts to conduct a prejudice analysis when dismissing—rather than severing—claims or defendants based misjoinder. *Rush v. Sport Chalet*, 779 F.3d 973, 975 (9th Cir. 2015). The Ninth Circuit specifically noted that a district court should consider "'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" *Rush*, 779 at 975. (quoting *DirectTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3rd Cir. 2006)). This Court has interpreted the Ninth Circuit's mandate in *Rush* to mean that "this Court should avoid dismissal of otherwise potentially meritorious claims outside of the limitations period." *Griffin v. Gonzales*, No. 1:11-CV-00210-AWI, 2015 WL 1820899, at *2 (E.D. Cal. Apr. 15, 2015) (citing *Rush*, 779 at 975).

---

[1] Upon further review, the Court determined that this 602 form is dated January 30, 2019, not July 30, 2019. The initial screening mis-read Plaintiff's "1" in the month field as if it were a "7." (ECF No. 1 at 54). Reviewing subsequent pages (*id.* at 56), however, as well as allegations in the complaint referencing this Exhibit #4 (*id.* at 8), confirms that the form is dated January 30, 2019.

4

Case 1:22-cv-01292-KES-EPG    Document 24    Filed 01/29/25    Page 5 of 9

While the Court has not conducted an extensive review of these claims, Plaintiff's claims arising from events that occurred after his placement in administrative segregation in February 2019 appear could be meritorious. Plaintiff alleges he had a serious medical need because the meals served to him over the period of eight months were making him sick and that his requests for health services have gone unanswered. Plaintiff also alleges that his food was adulterated in retaliation for Plaintiff engaging in protected conduct, such as filing grievances. Such allegations could state claims for First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs.

Turning to whether such claims could be barred by the statute of limitations if they were dismissed, rather than severed, the Court notes that no statute of limitations is set out in 42 U.S.C. § 1983. Instead, California's two-year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. *Olsen v. Idaho State Bd. Of Med.*, 363 F.3d 916, 926 (9th Cir. 2004).

In some circumstances, statutory and equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). In determining whether a civil rights claim is time-barred, federal courts apply the forum state's tolling provisions to the extent they are not inconsistent with federal law. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Griffin*, 2015 WL 1820899, at *2.

Under California law, Plaintiff may be entitled to two years of statutory tolling if Plaintiff is serving a criminal sentence for a term less than life. California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the

5

1  action, not to exceed two years." Here, it appears that Plaintiff may be entitled to two additional
2  years of tolling under California Code of Civil Procedure § 352.1(a).[2]

3  Further, the Judicial Council of California promulgated emergency rules in response to
4  the COVID-19 pandemic. *See* Judicial Council of Cal., Emergency Rules Related to COVID-
5  19.4 Under Emergency Rule 9, "[n]otwithstanding any other law, the statutes of limitations and
6  repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until
7  October 1, 2020." *Id.* That rule provides additional 178 days or about six months of tolling.
8  Federal courts have applied Emergency Rule 9 to § 1983 actions in federal court. *See, e.g.*,
9  *Porter v. Yuba City Police Officers Hansen*, No. 2:20-CV-01554-KJM-DB, 2022 WL 1460124,
10 at *2 (E.D. Cal. May 9, 2022); *Pumphrey v. Battles*, No. 21-CV-09005-JSC, 2023 WL
11 1769185, at *5 (N.D. Cal. Feb. 3, 2023).

12 Plaintiff may also be entitled to equitable tolling for exhaustion of administrative
13 remedies. Equitable tolling "operates independently of the literal wording of the Code of Civil
14 Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental
15 practicality and fairness." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th
16 363, 370 (2003)) (internal quotation marks omitted). "Where exhaustion of an administrative
17 remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled

---

[2] Federal Rule of Evidence 201 permits a court to take judicial notice of any facts not subject to reasonable dispute and which may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Materials from a proceeding in another tribunal are appropriate for judicial notice. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take notice of proceedings in other courts, if proceedings directly relate to matters at issue).

The court takes judicial notice of the order filed in Plaintiff's habeas case, *Arteaga v. Clark*, No. CV 08-0599-DDP (RC), 2009 WL 1041499, at *1 (C.D. Cal. Apr. 17, 2009), stating that Plaintiff "was sentenced . . . to life with the possibility of parole, and on the enhancements to 25 years to life." Both prisoners serving 25 years-to-life and life-with-the-possibility-of-parole sentences are entitled to two years of statutory tolling. *Mwasi v. Romero*, No. 2:21-CV-06467, 2023 WL 8143939, at *8 (C.D. Cal. Oct. 23, 2023), *report and recommendation adopted*, 2023 WL 9001277 (C.D. Cal. Dec. 27, 2023) ("Plaintiff serving a 25 years-to-life sentence . . . is entitled to two years of statutory tolling."); *Mitchell v. Baeza*, No. 1:20-CV-00857-KES-HBK (PC), 2024 WL 4819416, at *5 (E.D. Cal. Nov. 18, 2024) ("[P]risoners serving life sentences with the possibility of parole should receive the benefit of § 352.1(a).") (citing *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 6–7 (2016)).

in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

However, a party cannot deduct the time consumed by the pendency of an action if it was later dismissed without prejudice. *Griffin*, 2015 WL 1820899, at *3 (citing *Thomas v. Gilliland*, 95 Cal. App. 4th 427, 433, 115 Cal. Rptr. 2d 520 (2002)). When an action is dismissed without prejudice, courts restore the applicable statute of limitations "as if no action had been brought." *Id.* (quoting *Wood v. Elling Corp.*, 572 P.2d 755 (Cal. 1977)).

Here, Plaintiff's remaining claims stem from events that occurred between February and October of 2019. Plaintiff does not allege specific facts regarding equitable tolling. However, even if Plaintiff were entitled to an additional six months of equitable tolling for exhaustion of administrative remedies, in addition to 4 years and 178 days of statutory tolling, the statute of limitations on Plaintiff's claims would have run on October of 2024. Thus, without deciding the issue, it is possible that dismissal without prejudice may result in Plaintiff's claims being barred by the applicable statute of limitations.

The Ninth Circuit's direction in *Rush* instructs that this Court should avoid dismissal of otherwise potentially meritorious claims outside of the limitations period. *See Rush*, 779 F.3d at 975; *Griffin*, 2015 WL 1820899, at *3. In addition, Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

//
//
//

Therefore, while the Court has not conducted a full screening of the claims arising from events that occurred after Plaintiff's placement in administrative segregation in February 2019, given the date of the incidents and potential statute of limitations issues, the Court recommends that these claims be severed to proceed in a separate action, rather than dismissed without prejudice as previously recommended.

### IV.   CONCLUSION AND ORDER

Accordingly, **IT IS RECOMMENDED that**:

1. Plaintiff's claims based on events after Plaintiff's placement in administrative segregation in February 2019 (ECF No. 1 at 14–21) against John Doe Defendants be severed from this action and proceed in a new action.
2. The Clerk of the Court be directed to:
    a. Open a separate civil action for Plaintiff Jose Arteaga against John Doe Defendants;
    b. Assign the new action to the District Judge and Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket, with the same effective dates as in this action, a copy of Plaintiff's complaint dated October 11, 2022 (ECF No. 1); Findings and Recommendations (ECF No. 14); Order Adopting in Part Findings and Recommendations (ECF No. 21); and this order in the new action;
    d. Send Plaintiff copies of these documents bearing the new case number;
    e. Issue and send to Plaintiff New Case Documents;
    f. Send Plaintiff an application to proceed *in forma pauperis*;
3. Plaintiff be ordered to pay a $405.00 filing fee or complete and submit an application to proceed *in forma pauperis* bearing the new case number within 30 days of this order;
4. Plaintiff be advised that failure to comply with this order may result in the dismissal of Plaintiff's new case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 30 days after service of the objections. Further, any objections shall be limited to no more than 15 pages, including exhibits.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2025**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE