1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GARCIA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-01292-KES-EPG (PC)<br><br>ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES<br><br>AND<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

Plaintiff Jose O. Arteaga is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court has screened Plaintiff's complaint and found that the case may proceed on the following cognizable claims: 1) Eighth Amendment claims against defendants J. Garcia and A. Fugate for excessive force and 2) Eighth Amendment failure to protect claim against Defendant John Doe #1. (ECF Nos. 14, 21). On January 23, 2025, the Court issued a service order, ordering service on the three defendants through CDCR's e-service pilot program. (ECF No. 22). Subsequently, defendants Garcia and Fugate filed notice of intent to waive service. (ECF No. 25). However, CDCR was unable to identify defendant John Doe #1 and filed notice of intent not to waive service for that defendant. (ECF Nos. 25, 26). Similarly, U.S. Marshals was unable to serve this defendant. (ECF No. 27).

To proceed against Defendant John Doe #1, Plaintiff must identify and serve this Defendant. Service can only be completed if the Court or the United States Marshal can identify

1

and locate the Defendant. Plaintiff will have an opportunity to seek information to learn John Doe #1's identity. However, it remains Plaintiff's responsibility to identify and serve John Doe #1 and to file a motion to substitute or amend the complaint accordingly.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovery identity of Defendants John Doe #1 for the claims that proceed in this case. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from the California Department of Corrections and Rehabilitation. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist him in identifying John Doe #1.

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Since Plaintiff is seeking information about an employee at Corcoran State Prison, their employer, Corcoran State Prison, appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist him in identifying and serving the unidentified defendant, such as any documents related to identity of people matching the descriptions of the defendant, or photos, names, and addresses of the officers on duty the day of the alleged incident.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshals after they serve the subpoena. Similarly, Plaintiff should not fill

out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as Corcoran State Prison.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[1] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of John Doe #1. Failure to file a motion to substitute by this deadline may result in the dismissal of the unidentified defendants.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;

2. Plaintiff has **thirty days** from the date of service of this order to complete and return forms AO 88B and USM-285; and

3. Plaintiff has **120 days** from the date of service of this order to file a motion to substitute a named defendant in place of John Doe #1. **Failure to file a motion to substitute by this deadline may result in the dismissal of John Doe #1.**

IT IS SO ORDERED.

Dated:   **February 18, 2025**          /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

---

[1] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.