UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GARCIA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-01292-KES-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS IN PART<br>(ECF Nos. 30, 31)<br><br>AND<br><br>ORDER PERMITTING PLAINTIFF TO RE-SUBMIT SUBPOENA FORMS |

Plaintiff Jose O. Arteaga is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's filings titled "Request for Judicial Notice" and "Motion for [Leave] to Amend" (ECF Nos. 30, 31), which include completed subpoena forms and ask for additional time to identify John Doe #1. For the reasons stated below, the Court grants Plaintiff's motions in part: at this time, the Court declines to authorize service of subpoenas as they were completed, but will grant Plaintiff another opportunity and additional time to complete the forms.

Plaintiff proceeds on his Eighth Amendment claims against Defendants J. Garcia and A. Fugate, who have filed waivers of service, and John Doe #1. (ECF Nos. 14, 21). CDCR was unable to identify John Doe #1 and filed a notice of intent not to waive service for him. (ECF Nos. 25, 26). Similarly, the U.S. Marshals were unable to serve this Defendant. (ECF No. 27).

1

1    To be able to proceed against John Doe #1, Plaintiff must identify and serve this
2  Defendant. Therefore, on February 18, 2025, the Court found good cause and filed an order
3  allowing Plaintiff to issue a subpoena duces tecum to a third party for the limited purpose of
4  discovering John Doe's identity and address. (ECF No. 28).

5    In its Order Authorizing Issuance of Subpoena Duces Tecum, the Court advised
6  Plaintiff:

> On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Since Plaintiff is seeking information about an employee at Corcoran State Prison, their employer, Corcoran State Prison, appears to be the logical recipient of the subpoena.
>
> In the blank space between the lines starting with "production" and "place," **Plaintiff should identify the documents he is seeking that would assist him in identifying and serving the unidentified defendant, such as any documents related to identity of people matching the descriptions of the defendant, or photos, names, and addresses of the officers on duty the day of the alleged incident.**
>
> The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.
>
> Plaintiff should not fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshalls after they serve the subpoena. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."
>
> The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as Corcoran State Prison.

(ECF No. 28 at 2–3) (emphasis added). The Court then served the Order and the forms on Plaintiff.

On March 24, 2025, the Court received a document from Plaintiff titled "Judicial Notice." (ECF No. 30). In addition to completed subpoena forms, the filing informed the Court

that Plaintiff's facility has been on strict lockdown and asked the Court to accept late subpoena forms.

However, the subpoena forms did not follow the Court's instructions provided in the Order Authorizing Issuance of Subpoena (ECF No. 28).

First, in the blank space between the lines starting with "production" and "place," where the Court advised Plaintiff to identify specific documents related to the identity of people matching the description of John Doe #1 or the officers on duty the day of the alleged incident (ECF No. 28 at 2), Plaintiff wrote the following:

> John Doe, for this case No. 1:22-cv-01292-KES-EPG "real" personal name and full, last names and to produce documents or stored information or tangible things, discoveries such as past defendants misconducts, lawsuits, complaints against them.

(ECF No. 30 at 6).

Second, Plaintiff left blank the "Place" and "Date and Time" fields that would tell the entity being subpoenaed where and when to produce these documents. (*Id.*)

Third, Plaintiff checked the "inspection of premises" box and designated Corcoran State Prison as the place being inspected. (*Id.*)

The Court declines to direct service of these documents as they have been completed. Plaintiff does not identify any "documents related to the identity of people matching the descriptions of the defendant, or photos, names, and addresses of the officers on duty the day of the alleged incident" that the institution should produce. He does not provide the date or time of the incident or the description of John Doe #1. He also does not inform the party being subpoena where and when it should produce the documents.

In addition, Plaintiff's subpoena request is too broad because it seeks discovery of information not related to the identity of John Doe #1, such as documents related to "defendants['] misconduct, lawsuits, complaints, etc." as well as the inspection of the entire Corcoran State Prison. The Court has not authorized general discovery or inspection of any premises, only limited discovery of *documents* for the purpose of identifying and serving John Doe #1.

1    In another motion filed the same day (ECF No. 31), Plaintiff seeks leave to amend his
2 complaint "to exclude the unauthorized defendants who were not found to state a reasonable
3 constitutional right claim." (*Id.* at 1). Plaintiff states that at this point, he "wishes to move
4 forward with the reviewed and allowed only defendants which were authorized by this Court."
5 (*Id.* at 1–2). In addition, Plaintiff asks for an extension of time to provide the real name of John
6 Doe #1. (*Id.* at 2).

7    Plaintiff does not need to amend his complaint for this purpose; the case proceeds only
8 on cognizable claims per the order of the district judge issued on December 27, 2024. (ECF No.
9 21). In addition, Plaintiff's motion to extend the time to identify the John Doe defendant is
10 premature as Plaintiff has until June 18, 2025, to do so. (ECF No. 28). To that extent, the Court
11 will deny Plaintiff's motion without prejudice; meaning, Plaintiff may refile it closer to the
12 June deadline if—despite his best efforts to meet the deadline and identify John Doe—he still
13 needs additional time.

14    However, the Court will grant Plaintiff's motions in part: the Court will re-send the AO
15 88B and USM-285 forms to Plaintiff and give him another opportunity and additional time to
16 complete them properly. In the space between the lines starting with "production" and "place,"
17 Plaintiff may identify the documents he is seeking that would assist him in identifying and
18 serving John Doe #1, such as photos, names, and addresses of the officers on duty the day of
19 the alleged incident or documents related to the identity of people matching the description of
20 John Doe #1.

21    Plaintiff should also complete the place and date and time of the production fields,
22 which refer to where and when the documents should be produced to Plaintiff. The Court does
23 not authorize inspection of premises; that box on the subpoena form should be left unchecked
24 and related fields blank. The Court authorized only limited discovery that relates to the identity
25 of John Doe #1; Plaintiff should abstain from making requests for any other documents
26 unrelated to this purpose.

27    Once Plaintiff has completed and returned the forms consistent with these instructions,
28 the Court will direct the United States Marshals Service to serve the subpoenas.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motions (ECF Nos. 30, 31) are **GRANTED IN PART**. Plaintiff may have another opportunity and additional time to complete the subpoena forms.
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B (a subpoena form) and a copy of form USM-285 (a United States Marshals form for process receipt and return).
3. Plaintiff has **thirty days** from the date of this order to complete and return AO 88B and USM-285 forms.
4. All other provisions of the Court's Order Authorizing Issuance of Subpoena and Setting Deadlines (ECF No. 28) remain in effect.
5. **Failure to comply with this order may result in the dismissal of Defendant John Doe #1.**

IT IS SO ORDERED.

Dated: **March 27, 2025**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE