UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARTEAGA,<br><br>      Plaintiff,<br><br>   v.<br><br>J. GARCIA, *et al.,*<br><br>      Defendants. | Case No. 1:22-cv-01292-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 49) |

      Plaintiff Jose Arteaga is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's renewed motion for the appointment of counsel. (ECF No. 49).

      On October 7, 2024, Plaintiff filed a motion for appointment of counsel. (ECF No. 18). The Court denied the motion on October 10, 2024. (ECF No. 19). Plaintiff's current motion does not set forth any changed circumstances or reasons to reconsider that order.

      As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's current motion argues that he has a "low education," and English is his second language. (ECF No. 49, p.1). Additionally, Plaintiff argues court-appointed counsel would assist him in litigating and navigating the case as it proceeds past alternative dispute resolution. (*Id.,* p.2). These claims are insufficient to give rise to the certain exceptional circumstances required for the Court to request voluntary assistance of counsel pursuant to section 1915(e)(1). Again, the Court notes, there is no right to counsel in this case brought pursuant to 42 U.S.C. § 1983. *See Rand*, 113 F.3d at 1525 ("There is no constitutional right to appointed counsel in a § 1983 action.") (citation omitted).

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's renewed motion for appointment of counsel (ECF No. 49) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **October 7, 2025**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE