UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE O. ARTEAGA,

Plaintiff,

v.

J. GARCIA, et al.,

Defendants.

Case No. 1:22-cv-01292-KES-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT JOHN DOE #1 BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)

(ECF No. 62)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

## I. BACKGROUND

Plaintiff Jose O. Arteaga is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claims against Defendants J. Garcia and Fugate for excessive force and on Plaintiff's Eighth Amendment failure to protect claim against Defendant John Doe #1. (ECF Nos. 14, 21).

On February 18, 2025, the Court issued an order authorizing issuance of a subpoena *duces tecum* to assist Plaintiff in identifying John Doe for service of the complaint. (ECF No. 28). The Court stated that "Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of John Doe #1" and warned that "[f]ailure to

file a motion to substitute by this deadline may result in the dismissal of John Doe #1." (*Id.* at 3).

Plaintiff submitted the subpoena forms on March 24, 2025. (ECF Nos. 30, 31). However, on March 27, 2025, the Court declined to authorize service of subpoenas as they were completed but granted Plaintiff another opportunity and an additional 30 days to complete the subpoena forms. (ECF No. 33 at 1, 5). The Court stated that "[f]ailure to comply with this order may result in the dismissal of Defendant John Doe #1." (*Id.* at 5 (emphasis omitted)).

Plaintiff did not re-submit the subpoena forms.

On June 5, 2025, the Court ordered the parties to participate in alternative dispute resolution and stayed the case for 120 days. (ECF No. 39). The parties participated in a settlement conference on November 24, 2025, but the case did not settle. (ECF No. 55).

On March 31, 2026, the Court set a deadline of September 30, 2026, for Plaintiff to file a motion to substitute a named defendant in place of Defendant John Doe #1. (ECF No. 62 at 6). The Court warned that "[i]f Plaintiff fails to identify Defendant Doe by this deadline, Defendant Doe may be dismissed from the case." (*Id.*).

Plaintiff's deadline to file a motion to substitute has passed, and Plaintiff has not filed a motion to substitute or identified Defendant John Doe #1.

Accordingly, the Court will recommend that Defendant John Doe #1 be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshal or deputy marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant John Doe #1 within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal or deputy marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

**III. ANALYSIS**

Plaintiff was provided with two opportunities to issue a subpoena *duces tecum* to obtain documents to help identify Defendant John Doe #1. (ECF Nos. 28, 33). The Court warned Plaintiff that failure to file a timely motion to substitute Defendant John Doe #1 with a named defendant may result in dismissal of Defendant John Doe #1. (ECF No. 28 at 3).

After the stay of proceedings was lifted, Plaintiff was provided with a second deadline to file a motion to substitute a named defendant in place of Defendant John Doe #1. (ECF No. 62 at 6). The Court also informed Plaintiff that he "may request documents from another Defendant(s), if any, in order to identify the Doe Defendant. Plaintiff may also request a subpoena duces tecum if this information is not available from another Defendant." (*Id.*). Plaintiff was warned that if he failed to file a motion to substitute by the deadline, Defendant John Doe #1 may be dismissed from this case. (*Id.*). However, Plaintiff has not identified Defendant John Doe #1 or filed a motion to substitute a named individual in place of Defendant John Doe #1.

As Plaintiff has failed to provide the Court and the United States Marshal or deputy marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant John Doe #1 within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that Defendant John Doe #1 be dismissed from the action, without prejudice.[1]

## IV. RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant John Doe #1 be dismissed from this action, without prejudice, because Plaintiff has failed to provide the Court and the United States Marshal or deputy marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant John Doe #1 within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[1] The Court notes that this case continues to proceed against Defendants J. Garcia and Fugate.